**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

YUSEL HERRERA QUINTERO (A-No. 209-821-818),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-07692-JLT-EGC

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1)

Before the Court is Yusel Herrera Quintero's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Cuba. (Doc. 6-1 at 1.) In October 2016, Petitioner immigrated to the United States, where he was encountered by Customs and Border Protection and released on parole pursuant to the Cuban Refugee Adjustment Act. (*Id*. at 2.) Petitioner's parole was valid until October 23, 2018. (*Id*.) Petitioner subsequently submitted an I-485 application for adjustment of status, but USCIS ultimately denied his application on February 2, 2022. (*Id*.)

Throughout the years, Petitioner has incurred a series of criminal arrests and convictions. (*Id*. at 2–3; Doc. 6-2 at 7–8, 12–30.) Recently, on June 6, 2026, Petitioner was arrested and charged for soliciting another to commit prostitution, but the prosecutor ultimately dropped the charges without prejudice to refiling. (Doc. 6-1 at 2; Doc. 6-2 at 7–8.) Petitioner was then taken to the local jail, where he was taken into custody by Immigration Customs and Enforcement on an immigration detainer. (Doc. 6-1 at 2.) Petitioner was transferred to the California City Detention Facility, where he remains. (*See* Doc. 1 at 2.)

Soon after, on June 8, 2026, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 6-1 at 4–7.) Petitioner's removal proceedings are ongoing, and he is not subject to a final order of removal.[1] On September 21, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 3–7.) On September 30, 2026, Respondents filed an opposition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but conceding that this case is in the "category of cases in which the Court has ordered a bond hearing due to petitioner's criminal history." (Doc. 6 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's

[1] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 2, 2026).

detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 6 at 1.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a pre-deprivation bond hearing. (*Id.*) Respondents make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. The record indicates that Petitioner was recently arrested and charged for soliciting another to commit prostitution. (Doc. 6-1 at 2; Doc. 6-2 at 7–8.) Though the prosecutor ultimately dropped the charges, (*see* Doc. 6-2 at 8), this Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report . . . [T]he Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interest[] in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a conviction is not required before a parolee may be found to be in violation of the terms of his prior release. For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 4, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE